T.C. Summary Opinion 2003-145

UNITED STATES TAX COURT

SHERIANNE S. COTTERELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5912-02S.                    Filed October 1, 2003.

Sherianne S. Cotterell, pro se.

<u>Andrew R. Moore</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $2,800 in petitioner's 1999 Federal income tax. This Court must decide whether petitioner must include proceeds from a legal settlement in gross income.

This case was submitted fully stipulated pursuant to Rule 122. All of the facts stipulated are so found. Petitioner resided in Concord, California, at the time she filed her petition.

On her 1999 Federal income tax return, petitioner did not report $10,000 from settlement proceeds. Respondent determined that petitioner was required to report this $10,000 as income.

During 1999, petitioner received $10,000 in settlement (the settlement proceeds) of a dispute between petitioner and a Salt Lake City, Utah, television station (the television station). The dispute arose out of a 1998 television news report (the news report) concerning petitioner's role as a court-appointed monitor of a consent decree following a civil rights class action involving the State of Utah's child welfare system. The news report contained statements that petitioner believed were false and defamatory. Petitioner and her three children also believed they were subject to harassment and embarrassment as a result of the news report.

Petitioner engaged in several discussions with the television station's counsel regarding the potential legal claims

of petitioner and her children.  No complaint was filed in court.

During 1999, petitioner individually entered into a Settlement Agreement and Release of All Claims (the settlement agreement) with the owner and operator of the television station and the reporter involved in the news report.  Petitioner received the settlement proceeds pursuant to the settlement agreement.

Section 61(a) provides that gross income includes all income from whatever source derived unless excludable by a specific provision of the Code.  Section 104(a)(2) excludes from gross income amounts received for personal physical injuries or physical sickness.  Nothing in the record indicates, and petitioner does not contend, that the settlement proceeds are for personal physical injuries or physical sickness.  Rather, petitioner contends that the settlement proceeds are for "claims on behalf of [her] children and [her]self" and that respondent "improperly attributed the income to [petitioner] rather than [petitioner's] children."  Petitioner "believe[s] the entire sum is properly [her] children's income".

There is no support in the record for petitioner's characterization of the settlement proceeds as her children's income.  Petitioner has no written documentation to show that the children were to be considered as parties to the settlement.  The settlement agreement specifically listed petitioner individually

as a party, not her children.  (The settlement agreement is governed by Utah law.  Under Utah law, petitioner would have been precluded from settling her children's potential claims without court approval.  <u>Hawkins v. Peart</u>, 37 P.3d 1062 (Utah 2001)).  The settlement agreement was signed by petitioner individually.  The check for the settlement proceeds was made payable to "Sherianne Cotterell".  A Form 1099-MISC, Miscellaneous Income, was issued by the television station to petitioner as nonemployee compensation.  Petitioner did not contact the television station to request that the Form 1099-Misc be reissued to any other party.  None of petitioner's three children filed a 1999 income tax return or otherwise reported as income any of the $10,000 settlement proceeds.  Petitioner deposited the $10,000 settlement proceeds into a bank account in her name.  Petitioner had the power to dispose of the $10,000 settlement proceeds as she deemed necessary.  We have no choice on this record but to sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.